**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE:    ALCORN CORP., | : | Chapter 11 |
| | : | |
| Debtor. | : | Bky. No.  12-13742 ELF |
| | : | |

# O R D E R

    **AND NOW**, upon consideration of Banco Popular de Puerto Rico's Motion to Dismiss Bankruptcy Case for Lack of Venue or, in the Alternative, to Transfer Bankruptcy Case to the District of Puerto Rico ("the Motion") (Doc. # 32), the Debtor's response thereto (Doc. # 36), and after a hearing,

    It is hereby **ORDERED** that:

1. The Motion is **DENIED** insofar as it seeks dismissal of the case based on improper venue.[1]

2. The Motion is **DENIED** insofar as it seeks the transfer of this case to the District of Puerto Rico pursuant to 28 U.S.C. §1412.[2]

Date: July 20, 2012

                                            **ERIC L. FRANK**
                                            **U.S. BANKRUPTCY JUDGE**

# ENDNOTES

1.  The initial issue raised in the Motion is whether the bankruptcy case was properly filed in this district.

Venue in bankruptcy cases is governed by 28 U.S.C. §1408. The burden of proof in establishing that a case was filed in the wrong district is on the movant, Banco Popular de Puerto Rico ("Banco Popular"). See In re Bell Tower Associates, Ltd., 86 B.R. 795, 798-99 (Bankr. S.D.N.Y. 1988) ("The burden rests on the movants to demonstrate by a preponderance of the evidence that the Chapter 11 petition was filed in the wrong district."); see also In re Brazzle, 321 B.R. 893, 895 (Bankr. W.D. Tenn. 2005); In re Vienna Park Properties, 120 B.R. 320, 327 (Bankr. S.D.N.Y. 1990).

There is no dispute that the only statutory ground that could support venue in this district is if the Debtor's principal place of business is located in the district. The parties also agree that, for purposes of venue, a corporation's principal place of business is its "nerve center," i.e., where the officers direct, control and coordinate the entity's activities. See, e.g., Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192 (2010); In re LaGuardia Associates, L.P., 316 B.R. 832, 837-38 (Bankr. E.D. Pa. 2004). The determination of the location of the principal place of business is a question of fact. LaGuardia, 316 B.R. at 837; In re Oklahoma City Associates, 98 B.R. 194, 197-98 (Bankr. E.D. Pa. 1989).

After evaluating the considerable amount of evidence presented, I conclude that the Debtor's principal place of business is located in this district and that venue is proper here under 28 U.S.C. §1408. Although the Debtor's principals, Charles Alcorn in particular, spend considerable time in Puerto Rico in connection with the operation of the Debtor's properties

located there, the evidence as a whole supports this finding. More specifically, despite the fact that Mr. Alcorn's testimony was self-serving and contradictory to some degree, I am persuaded that he and his wife spend the majority of their time in this district and make the Debtor's major business decisions here. This was demonstrated by the facts that the Debtor maintains its business records, conducts its banking transactions, and receives most of its significant business correspondence at the Debtor's home office located in this district. In short, the evidence leads me to conclude that the Debtor is a small business that operates out of a home office in this district, even though the nature of the business requires the Debtor's principals to travel with some regularity to Puerto Rico, the situs of the Debtor's principal assets.

2.    Generally, there is a presumption in favor of maintaining the debtor's choice of forum. See, e.g., In re Rehoboth Hospitality, LP, 2011 WL 5024267, at *3 (Bankr. D. Del. Oct. 19, 2011). Nevertheless, transfer of a bankruptcy case to another district is authorized by statute "in the interest of justice or for the convenience of the parties." 28 U.S.C. §1412. Banco Popular bears the burden of proof on this issue. See, e.g., Vienna Park Properties, 120 B.R. at 329 ("As in motions challenging proper venue, the moving party in a motion to transfer venue pursuant to section 1412 bears the burden of proof which must be satisfied by the preponderance of the evidence."); Dwight v. Titlemax of Tennessee, Inc., 2010 WL 330339, at *2 (E.D. Tenn. Jan. 21, 2010). The decision whether venue should be transferred lies within the sound discretion of the bankruptcy court. E.g., In re Hechinger Inv. Co. of Del., Inc., 296 B.R. 323, 325 (Bankr. D. Del. 2003); In re Reliance Group Holdings, Inc., 273 B.R. 374, 406 (Bankr. E.D. Pa. 2002).

The following factors commonly are considered by bankruptcy courts in deciding §1412 change of venue motions:

>  (1) The proximity of creditors of every kind to the Court;
>
>  (2) The proximity of the bankrupt (debtor) to the Court;
>
>  (3) The proximity of the witnesses necessary to the administration of the estate;
>
>  (4) The location of the assets;
>
>  (5) The economic administration of the estate;
>
>  (6) The necessity for ancillary administration if bankruptcy liquidation should result.

See, e.g., LaGuardia, 316 B.R. at 837 (citation omitted).

Recently, a bankruptcy court in the District of Delaware observed that, in addition to the six (6) factors stated above, the court has discretion to consider other private and public interest factors. In re Qualteq, Inc., 2012 WL 527669, at *5 (Bankr. D. Del. Feb. 16, 2012). In this case, Banco Popular suggests that certain additional factors should be considered, including:

>  (1) the convenience of the parties as indicated by their relative physical and financial condition;
>
>  (2) the convenience of the witnesses  -  but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;
>
>  (3) practical considerations that would make the trial easy, expeditious, or inexpensive;
>
>  (4) the relative administrative difficulty in the two fora resulting from congestion of the courts' dockets;
>
>  (5) the public policies of the fora;
>
>  (6) the familiarity of the judge with the applicable state law; and

(7) the local interest in deciding local controversies at home.

(Banco Popular's Reply Memorandum at 14) (quoting In re Centennial Coal, Inc., 282 B.R. 140, 144 (Bankr. D. Del. 2002) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995); Larami Ltd. v. Yes! Entm't Corp., 244 B.R. 56, 61 (D.N.J. 2000); I.R.S. v. CM Holdings, Inc., 1999 WL 459754, at *2 (D. Del. June 10, 1999))).  For other similar, but not identical, lists of venue considerations, see Rehoboth Hospitality, 2011 WL 5024267, at *3; Reliance Group Holdings, 273 B.R. at 406.

In analyzing these factors, I begin from the premise that

> [t]he relevance and weight of the various overlapping factors outlined above will depend upon the circumstances of the particular bankruptcy case involved. Not all of the factors may be relevant in a particular case; the factors that are relevant may not be entitled to equal weight. Thus, the decision . . . is not a mechanical or mathematical exercise. As one court observed in a related context, a list of considerations employed by a court in making a decision is
>
>> simply . . . a guide to the required inquiry; the wise exercise of discretion is rarely a matter of score-keeping or bean-counting. Ultimately, the pursuit of "equit[y]," "justice" and "comity" involves a thoughtful, complex assessment of what makes good sense in the totality of the circumstances.

In re Chan, 355 B.R. 494, 500 (Bankr. E.D. Pa. 2006) (quoting Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship, 2004 WL 1048239, at *3 (S.D.N.Y. May 7, 2004)).

In this case, several relevant factors support a change of venue.  Most prominent, of course, is the location of the properties that comprise the Debtor's principal assets.  See LaGuardia, 316 B.R. at 839 (stating that movant's "best argument" is that "[a] clear majority of those courts which have confronted the question have concluded that cases involving real estate should be heard where the real estate is located").  Further, Banco Popular suggests that it is

foreseeable that key witnesses who are located in Puerto Rico may need to testify later in the case regarding matters such as property valuation. Banco Popular also points out that certain questions involving the law of Puerto Rico have arisen in this case, making it appropriate to defer to the forum in which the bankruptcy judge is more familiar with applicable nonbankruptcy law.

Banco Popular's arguments are not without some force. Nevertheless, in the exercise of the discretion afforded to the court under §1412, I conclude for several reasons that the case should not be transferred to the District of Puerto Rico.

First, although the Debtor's primary assets, the real properties, are located in Puerto Rico, as the LaGuardia court also observed, "[t]his factor, however, is by no means a litmus test, for if it were it would essentially eviscerate meaningful evaluation of the question." 316 B.R. at 839. Banco Popular has not presented any evidence that the outcome of this reorganization implicates any significant public policy of the Commonwealth of Puerto Rico or that this case is of particular local interest there.

Second, it appears that the negative impact on this small business debtor of transferring venue debtor would be far greater than the consequences that retention of venue in this district would have on Banco Popular. Experience suggests that burgeoning administrative expenses frequently are a major obstacle to a successful reorganization, particularly for small, often undercapitalized, businesses. To compel this Debtor to duplicate the administrative expenses that have already been incurred in this district through the retention of new counsel in Puerto Rico likely would be burdensome and a substantial setback to its reorganization prospects. By comparison, while Banco Popular's participation in this case in this district certainly will impose a degree of inconvenience or additional expense, there is no reason to believe that it is unable to

absorb those expenses and inconveniences. It also appears that Banco Popular maintains a business presence in jurisdictions that are in reasonably close proximity to this district, which may well minimize the cost and inconvenience. When I balance these particular competing interests, I do not find a compelling case for transferring venue.

Third, at this early stage of the case it, is by no means certain that hearings conducted in this case will necessitate the testimony of witnesses who are located in Puerto Rico. Even if that were to occur, there are means available for the court to ameliorate the problem, such as through the use of video conference technology. Furthermore, consistent with my finding that the Debtor's "nerve center" is in this district, litigation issues other than property valuation (and it is fair to assume that there may be such issues) are easily, if not more easily litigated here, rather than in Puerto Rico.

Fourth, while it is true that at least one issue has already arisen in this bankruptcy case in which familiarity with applicable nonbankruptcy law (the law of Puerto Rico) would be helpful, and that not all of the decisional law is available in English in the public legal databases, I consider these factors to be of relatively minor importance. It is likely that most of the substantive law applied in this case will be federal bankruptcy law, a subject on which bankruptcy judges in every jurisdiction have comparable expertise. Furthermore, bankruptcy judges regularly apply the law of jurisdictions other than the jurisdiction in which the bankruptcy court is located. That is a by-product of a flexible bankruptcy venue statute and while, in the best of all worlds, court decisions based on the law of Puerto Rico would be made by judges who sit in that jurisdiction, there is no reason to believe that this court cannot ascertain and apply the relevant substantive law. Also, while the fact that some of the decisional law of Puerto Rico is in

Spanish creates some logistical complications for counsel and the court, I consider it unlikely that the respective attorneys will be unable to obtain English translations of the applicable law and advocate effectively for their clients or that the "language barrier" will impose any insurmountable obstacles to this court in resolving any controversies that arise.

Finally, I do not perceive this case as comparable to a one-asset real estate case in which some courts find the arguments in favor of transfer to the situs of the property compelling. See, e.g., Rehoboth Hospitality, 2011 WL 5024267, at *5 ("In the context of what is essentially a single asset case, the location of the lone improved real estate asset is of particular concern to the Court, especially in the event of a potential liquidation, and the case is better administered by a court in the district in which it is located.") (internal quotation marks omitted). This case involves multiple properties and more than one (1) secured creditor and involves a debtor that is more than a passive real estate investor. Here, the Debtor is engaged in an active business operation (i.e., the operation of a short-term vacation rental enterprise) that is operated from within this district. In these circumstances, the Debtor's choice of forum is entitled to some deference.

All of that said, I consider this decision to be a close call. In some significant respects, this case has a stronger nexus to Puerto Rico than to the Eastern District of Pennsylvania. However, it also has a meaningful relationship to this district. In these circumstances, I find the decisive principle to be that stated by my colleague, (now Chief) Judge Raslavich in the LaGuardia decision:

> Where a transfer would merely shift the inconvenience from one party to the other, or where after balancing all the factors, the equities leaned but slightly in favor of the movant, the [debtor's] choice of forum should not be disturbed.

316 B.R. at 840 n.4 (quotations and citations omitted); see also In re Onco Invest. Co., 320 B.R. 577, 579 (Bankr. D. Del. 2005) ("A plaintiff's choice of venue should only be disturbed when the balance weighs heavily in favor of the defendant's motion for transfer.").

In this case, the balance of the relevant factors may tip somewhat in Banco Popular's favor, but they do not do so with sufficient weight to warrant transferring this case to Puerto Rico.